

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2009

# Lianto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lianto v. Atty Gen USA" (2009). *2009 Decisions.* Paper 827.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/827

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4606

———————

ANTON LIANTO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-388)
Immigration Judge:  Honorable Garry D. Malphrus

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2009

Before:  AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: August 13, 2009)

———————

OPINION

———————

PER CURIAM

        Anton Lianto petitions for review of an order of the Board of Immigration Appeals

(BIA).  For the reasons below, we will deny the petition for review.

Lianto, a citizen of Indonesia, entered the United States in April 1999. In 2003, he was charged as removable for overstaying his admission period. Lianto applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After a hearing, the Immigration Judge ("IJ") found Lianto removable and denied relief. Lianto appealed, and the BIA dismissed the appeal. Lianto filed this petition for review.

The IJ found that Lianto's asylum application was untimely, and the BIA found no error in that finding. Generally, we lack jurisdiction to review a decision that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law, but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006). Lianto does not raise any constitutional claims or questions of law with respect to the timeliness of his asylum application and thus we do not have jurisdiction.

We do have jurisdiction under 8 U.S.C. § 1252 to review the denial of Lianto's request for withholding of removal.[1] To be eligible for withholding of removal, Lianto must demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). We may reverse the BIA's decision only if the record permits

---

[1] Lianto does not challenge the denial of relief under the CAT.

but one reasonable conclusion that is not the one reached by the Board.  I.N.S. v.

Elias-Zacarias, 502 U.S. 478, 481 (1992).

Lianto argues that the BIA erred in determining that the discrimination he suffered

did not amount to persecution.  He asserts that, as a Christian of Chinese descent, he was

harassed and discriminated against in Indonesia throughout his life.  He testified that

rocks were thrown at his church and that he was hit with a motorcycle helmet in 1997.

This record does not compel a finding that he suffered past persecution on account of his

ethnicity or religion. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) ("[T]wo

isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft

of some personal property and a minor injury, [are] not sufficiently severe to be

considered persecution.")

Lianto also argues that there is a pattern or practice of persecution against Chinese

Christians in Indonesia.  We have held that, in order to constitute a "pattern or practice,"

the persecution of a group must be "systemic, pervasive, or organized."  Id. at 537.

Lianto does not point to any evidence in the record supporting a pattern or practice of

persecution.  In Wong v. Attorney General, 539 F.3d 225, 233-34 (3d Cir. 2008), we held

that the 2003 and 2004 Country Reports did not demonstrate a pattern or practice of

persecution against Chinese Christians in Indonesia.  We noted that the 2005 and 2006

Country Reports documented improved treatment of Chinese Christians in Indonesia.  Id..

Here, Lianto relies on the 2005 Country Report.  This is insufficient.  See Lie, 396 F.3d at

537-38.

For the above reasons, we will deny the petition for review.